THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
William Hurt, Jr.,       
Appellant.
 
 
 

Appeal From Aiken County
 William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-128
Submitted December 23, 2003  Filed 
 February 26, 2004

APPEAL DISMISSED

 
 
 
Senior Assistant Appellate Defender Wanda P. Hagler, Office 
 of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh,  Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia;  and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Hurt was convicted of five 
 counts of burglary, and he was sentenced.  The issues briefed by appellate counsel 
 concerns whether the trial court erred by: 1) allowing the State to introduce 
 Hurts two prior burglary convictions as an aggravating circumstance when the 
 facts suggested that the nighttime element would have sufficed; and 2) allowing 
 the two prior burglary convictions to establish the aggravating circumstance 
 element when the prior convictions arose out of a single incident and would 
 constitute one offense under S.C. Code § 17-25-50.  Hurts counsel attached 
 a petition to be relieved as counsel, stating that she had reviewed the record 
 and concluded Hurts appeal is without legal merit.  In a response brief, Hurt 
 raises three issues pertaining to subject matter jurisdiction.  
After a thorough review of the record pursuant 
 to Anders v. California, 386 U.S. 738 (1967), and State v. Williams, 
 305 S.C. 116, 406 S.E.2d 357 (1991), we hold there are no directly appealable 
 issues that are arguable on their merits.  Accordingly, we dismiss Hurts appeal 
 and grant counsels petition to be relieved. [1]     
APPEAL DISMISSED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., concur.  
  

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.